# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENDA ANN DAVID,                   No. 2:16-CV-1226-CMK

    Plaintiff,

  vs.                               MEMORANDUM OPINION AND ORDER

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

       Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 15) and defendant's cross-motion for summary judgment (Doc. 18).

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on April 9, 2012. See CAR 18.[1] In the application, plaintiff claims that disability began on March 12, 2011. See id. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on May 24, 2013, before Administrative Law Judge ("ALJ") Sharon L. Madsen. See id. In a September 5, 2014, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): status post left proximal humerus fracture, obesity, depression, and anxiety;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: she can lift and carry 20 pounds occasionally and 10 pounds frequently, she can sit/stand/walk for 6 to 8 hours in an 8-hour workday, she can occasionally climb, and she can perform simple routine tasks;

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, plaintiff can perform her past relevant work as a "Cleaner Housekeeping."

See id. at pp. 20-27.

After the Appeals Council declined review on April 5, 2016, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to

---

[1] Citations are to the Certified Administrative Record lodged on January 17, 2017 (Doc. 12).

2

support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

In her motion for summary judgment, plaintiff argues that the ALJ failed to account for the certain opinions regarding her mental functioning rendered by state agency reviewing physicians, Drs. Brode and Berkowitz.

As to Drs. Brode and Berkowitz, the ALJ stated:

> On September 18, 2012, State agency psychological medical consultant, Tawnya Brode, Ph.D., reviewed the medical records and opined the claimant could understand/remember simple tasks; maintain concentration, persistence, and pace for simple tasks; interact with peers, supervisors, and the public; and adapt to simple gradual work changes (Exhibits 1A and 2A). On April 2, 2013, another State agency psychological consultant, Mark Berkowitz, Ph.D., affirmed the prior opinion (Exhibits 3A and 4A). I give great weight to these opinions because they are generally consistent with the evidence, including treatment reports showing mental status was appropriate for age, thought process and intelligence were intact, and Mrs.

///

3

| | |
|---|---|
| 1 | David's ability to make decisions about her condition and self-care (Exhibits 7F, p. 3 and 12F, p. 18). |
| 2 | |
| 3 | CAR 25-26. |

Plaintiff argues:

> . . .[T]he ALJ's assessment of Ms. David's mental ability does not accurate [sic] reflect the opinions of the State agency.
> The ALJ found that Ms. David was capable to [sic] simple routine tasks. (A.R. 22). This assessment does not account for Drs. Brode and Berkowitz' opinions that Ms. David was "able to interact [with] peers, supervisors and the public in a *superficial manner*." (A.R. 117 and 178) (emphasis added). The ALJ's RFC also does not account for Drs. Brode and Berkowitz' opinions that Ms. David can only "adapt to simple, gradual work changes." (A.R. 117 and 179). The ALJ's failure to account for the aforementioned limitations is clear and undeniable error. . . .
>
> * * *
>
> . . .The limitation to only superficial interaction with the public, peers and supervisors as well as the limitation to only gradual work changes is far more limiting than a mere assessment to simple routine tasks. This court should reverse and remand.

Defendant cites <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169 (9th Cir. 2008), and argues: "The Ninth Circuit has repeatedly held that an RFC finding for simple or unskilled work accounts for moderate mental health limitations." In her reply, plaintiff cites <u>Fredericks v. Berryhill</u>, 2017 WL 1022804 at *4 (E.D. Cal., March 16, 2017), in which this court held that an ALJ's finding that the plaintiff had the capacity for simple, routine, and repetitive work with occasional public interaction failed to fully reflect the doctor's opinion that the plaintiff also had moderate difficulty adapting to changes and interacting with supervisors and co-workers. The court in <u>Fredericks</u> noted the Ninth Circuit's unpublished decision in <u>Bagby v. Comm'r of Soc. Sec.</u>, 606 F. App'x 888, 890 (9th Cir, 2015), in which the appellate court held that a residual functional capacity finding of simple repetitive tasks with no public contact and occasional co-worker interaction failed to reflect a doctor's opinion that the plaintiff was limited in her ability to respond appropriately to work situations and changes in routine.

///

4

The court finds that Stubbs-Danielson controls and that Fredericks and Bagby are distinguishable. In the latter cases, the ALJ limited the plaintiff generally to simple routine work and added some, but not all, of the more specific restrictions noted by the medical opinions. In Fredericks, the ALJ added a specific restriction to only occasional public contact but was silent as to restrictions in the plaintiff's ability to interact with supervisors and co-workers as well as plaintiff's ability to adapt to changes. In Bagby, the ALJ noted a specific restriction regarding interaction but was silent as to the plaintiff's ability to adapt. By specifically noting only some restrictions observed by the doctors and ignoring others without explanation, the ALJs created the reasonable inference that the limitations not included were rejected. Doing so without explanation was found in both cases to be reversible error. In contrast to these cases, Stubbs-Danielson allows the court to presume from a general finding of simple routine work that all moderate limitations are included in that finding. The court cannot reasonably make that presumption when the ALJ accepts some limitations but silently rejects others.

Plaintiff's argument that the ALJ erred by silently rejecting specific limitations is unpersuasive. The ALJ in this case restricted plaintiff to simple routine work without noting any specific limitations opined by Drs. Bode and Berkowitz. In so doing, the ALJ did not indicate that some specific opinions were adopted and others were not without providing an explanation, as did the ALJs in Fredericks and Bagby. Rather, and more like the situation in Stubbs-Danielson, the court may presume that ALJ in this case adopted all the moderate limitations in mental functioning opined by Drs. Brode and Berkowitz – including limitations to interaction and adaptability – by generally finding that plaintiff can perform simple routine work. See Stubbs-Danielson, 539 F.3d at 1174-76; see also Evans v. Comm'r of Soc. Sec., 434 F. App'x 712, 713 (9th Cir. 2011) (unpublished) (holding that a residual functional capacity finding that a claimant could perform simple repetitive work properly accounted for moderate limitations in social interaction and adaptability).

///

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 15) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 18) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  August 27, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE